PLANAS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 358.—Decided June 6, 1918.

RECORD OF TITLE—CONSTRUCTION—USUFRUCT.—When a person has a right of usufruct to a lot belonging to a municipality recorded in the registry and applies for admission to record of a house built on the lot and acquired by title of construction there is no doubt that he constructed the house, particularly when, as in the present case, the declarations of the usufructuary are supported by a certificate of the municipal secretary in which it is stated that the usufructuary possesses a house constructed on the lot in question.

The facts are stated in the opinion.
*Mr. Andrés Mena* for the appellant.
The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a public instrument executed on January 19, 1918, by Hilario Martínez, Francisca Planas and her husband, Aga-

pito Rivera, Martínez stated that he was the usufructuary
of a lot in Caguas under a grant from that municipality;
that there is built on the lot a frame house with a zinc roof
belonging to him, which is of the same dimensions as the lot
described; that he sells the house to Francisca Rivera for
$135, and that in order to comply with the legal formalities
for recording the said sale he petitioned the registrar to
record the said house in his name in the registry of property,
wishing and consenting that said record be made under title
by construction on the lot on which it is built.

On her part the purchaser stated that she obtained the
purchase price from the sale of a house which she had in-
herited from her father and sold in May of the preceding
year for $400.

That deed was presented in the registry together with a
written statement by the attorney for the spouses to the
effect that according to an accompanying certificate of the
municipal secretary of Caguas the vendor had acquired the
usufruct of the said lot; that he built thereon a frame house
with a zinc roof; that it was to the interests of his clients
to have the usufruct of the lot recorded in the name of Mar-
tínez and consequently the building, so that then the purchase
and sale might be recorded, and that the lot was worth about
thirty-five dollars.

The certificate referred to attests the grant of the usu-
fruct of the said lot and that Hilario Martínez owns a one-
story frame house with a zinc roof built thereon by author-
ization of the municipality.

The ownership of the lot in question was recorded in
the registry in the name of the municipality of Caguas and
the right of usufruct was recorded in the name of Martínez,
the record showing that according to the certificate on which
the record was based Hilario Martínez owned a one-story
house with a zinc roof constructed thereon by leave of the
municipality.

The registrar refused to admit the instrument to record

as to the purchase and sale, for the reasons stated in the decision subjoined to the instrument, as follows:

"The foregoing instrument, deed No. 16, executed in this town on January 10 of this year before Notary Lorenzo Giménez García, accompanied by another document which will be referred to, is denied admission to record in the name of Hilario Martínez as regards the construction of the house, because although Martínez states that he is the owner of the said house and that in order to record the sale of the house by him he first seeks to record the ownership of the house in his name and that he wishes and consents that said first record be made under title of construction, that ambiguous statement neither creates the conviction nor proves that the said house was built by Martínez, and if it were not, he does not give the name or names of the person or persons from whom he acquired it, which is an indispensable requirement in this case, not only because article 75 of the Mortgage Law Regulations requires that the record shall show the title of the person who conveys the right, but also because, as this case involves a property to be recorded for the first time, the said deed lacks the necessary data to permit of a thorough examination of the records of the registry for the purpose of ascertaining whether or not the said house is recorded in the name of some other person, and because if Martínez did not acquire the house by construction, but in some other way, the course followed by him to obtain the record is not the proper one, inasmuch as articles 390 and 395 of the Mortgage Law clearly define the means which should be adopted by a person who, having no written title, wishes to record some real property; and although in a written statement made on the thirteenth of this month by Andrés Mena as attorney for the spouses Francisca Planas and Agapito Rivera, the present owners of the said house, it appears also that the said Hilario Martínez built the said house, that statement, which is a simple private document, is not sufficient to establish such an important fact, not only because the Supreme Court has decided in many cases, among them Case No. 211 of February 19, 1915, that an affidavit, which carries more weight than a private document, is not sufficient for the purpose of recording a title which lacks some essential requisite, but also because the said statement is not even authorized by the party interested, namely, Hilario Martínez, who alone can and should state in an authentic manner, or in a public instrument as required by article 3 of the Mortgage Law, the manner in which he acquired the real property.

In lieu of the record of the said title by construction a cautionary notice is entered for the legal period of 120 days on the reverse side of page 57 of this town, property No. 2662, entry letter A. The record of the sale of the said house to Francisca Planas is also denied because it is not recorded in the name of the vendor, the only entry in his name being a cautionary notice for 120 days, and the said house not being recorded in the name of any other person. In lieu of this record of sale a cautionary notice is entered for a period of 120 days on the reverse side of page 188 of the same volume and property, entry letter B, in which is assigned also the curable defect of failure to prove that the money with which Francisca Planas made the purchase was exclusively her own."

We see from the above that the registrar's reason for refusing to record the house in the name of Martínez and, as a consequence, his sale of the house to the appellant, is because of ambiguity as to whether Martínez built the house.

We fail to find such ambiguity, for the statement of Martínez that the house which he sells belongs to him and that he consents that it be recorded in his name under title of construction, does not create any doubt that he built the said house. Nor does the certificate of the secretary of the municipality of Caguas contain any ambiguity as to the construction of the house by Martínez, but on the contrary it supports his claim by stating that Martínez owns a house built on the lot the usufruct of which was granted him by the said municipality.

As no such ambiguity exists, the registrar should have made the record solicited, as well as the record of the purchase and sale, inasmuch as the only reason he had for denying the latter was that the ownership was not recorded in the name of the vendor.

As the appellant is silent as to the curable defect assigned by the registrar, we shall not consider it.

The decision appealed from should be reversed in so far as it refuses to make the records solicited.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.